UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LORI RIMER,

        Plaintiff,

                                            Case No. 15-cv-11890

vs.                                   HON. GERSHWIN A. DRAIN

THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE CW ABS, INC.,
ASSET-BACKED CERTIFICATES,
SERIES 2006-24, a Federal Banking
Institution, *et al.*,

        Defendants.

_____/


**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS[#4] AND
CANCELLING HEARING**

## I.    INTRODUCTION

On April 1, 2015, Plaintiff filed the present action in the state court raising the

following claims: wrongful foreclosure, Count I; breach of contract, Count II and

fraudulent misrepresentation, Count III.  Defendants were served with the Summons

and Complaint on April 27, 2015, and removed the action to this Court on May 27,

2015 based on 28 U.S.C. §§ 1331 and 1441.

Presently before the Court is the Defendants' Motion to Dismiss. Plaintiff has failed to file a Response. The proof of service for Defendants' Motion to Dismiss indicates that it was served on June 3, 2015. Local Rule 7.1(c)(1) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(c)(1). Responses to dispositive motions "must be filed within 21 days after service of the motion." E.D. Mich. L.R. 7.1(e)(1)(B). Accordingly, the response to Defendant's present motion was due no later than June 29, 2015. *Id.*; *see also* Fed. R. Civ. P. 6(a) and 6(d). Since no Response has been filed, the present motion is unopposed.

Upon review of the present unopposed motion, the Court concludes that oral argument is unnecessary. Accordingly, the Court will resolve the present motion on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendants' Motion to Dismiss.

## II.   FACTUAL BACKGROUND

This matter involves real property located at 1413 Williams Street in Jackson, Michigan (the "Property"). On December 6, 2006, Plaintiff obtained a loan to finance the purchase of the Property in the amount of $60,000.00 through non-party, America's Wholesale Lender, represented by a promissory note. The repayment of the note was secured by a mortgage. The mortgage was later assigned to the

-2-

Defendant, Bank of New York, in 2012, and servicing of the loan was transferred to Defendant, Specialized Loan Servicing, LLC.

At some point prior to July of 2014, Plaintiff claims that she "began requesting loan modification or any financial assistance options from defendants[.]" Compl., ¶ 16. Because Plaintiff was in default, Defendants began foreclosure proceedings on or about July 28, 2014. Plaintiff asserts that she was unaware that foreclosure proceedings had been initiated. Plaintiff's home was eventually foreclosed upon and sold at a sheriff's sale on October 1, 2014. Thus, the statutory redemption period expired on April 2, 2015.

## III.   LAW & ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise

a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

### B.    Defendants' Motion to Dismiss

#### 1.    Wrongful Foreclosure

Plaintiff alleges various bases in support of her wrongful foreclosure claim. First, Plaintiff alleges that the foreclosure was wrongful based on a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. However, Plaintiff's Complaint does not request monetary damages, which is the only form of relief available under the RESPA.  *Claxton v. Orlans Assocs., P.C.*. No. 10-11813, 2015 U.S. Dist. LEXIS 88028, 12-13 (E.D. Mich. Aug. 26, 2010) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); *see also Fredericks*, 2015 U.S. Dist. LEXIS 56447, at *7-8; *Servantes v. Caliber Home Loans*, No. 14-13324, 2014 U.S. Dist. LEXIS 6986414, *1 (E.D. Mich. Dec.10, 2014).

Here, Plaintiff seeks a declaration that the foreclosure is null and void, an order setting aside the sale, an order extinguishing any interest in the Property obtained by Defendants, an order requiring the Property be sold at a higher price, and an order requiring Defendants to negotiate fairly and in good faith.  As such, Plaintiff has likewise failed to state a viable claim for wrongful foreclosure based on a violation of the RESPA.

Next, Plaintiff maintains that she was not provided with proper notice of the

foreclosure sale.  Compl., ¶ 25.  Plaintiff fails to specify the particular Michigan statute that was violated.  It appears Plaintiff is alleging a violation of MICH. COMP. LAWS § 600.3208, which states:

> Notice that the mortgage will be foreclosed by sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated . . . . In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises[.]

MICH. COMP. LAWS § 600.3208.

Plaintiff's allegations are belied by the documents she attaches to her Complaint.  She attaches the Affidavit of Publication to her Complaint which states that notice of the foreclosure proceedings was "published in Jackson County Legal News[,] a newspaper circulated in Jackson County on July 28, August 4, August 11, August 18, 2014, A.D."  Compl., Ex. A at 18; *see also* Defs.' Mot. to Dismiss, Ex. B. Also, attached to Plaintiff's Complaint is the Evidence of Sale form which states in relevant part:

> [O]n the 4th day of August 2014 A.D., he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to 1413 Williams St. Jackson.

Compl., Ex. A at 19.

Under Michigan law, these affidavits serve as "presumptive evidence" that

notice was in fact given.  MICH. COMP. LAWS § 600.3264 ("Such affidavits shall be recorded . . . [and] shall be presumptive evidence of the facts therein contained."); *Marshall v. Nationstar Mortgage*, LLC, No. 1:12-cv-852, 2015 U.S. Dist. LEXIS 28868, *15-16 (W.D. Mich. Mar. 10, 2015).

Plaintiff alleges, without further factual enhancement, that she "was unaware of any foreclosure proceedings" and "unaware if or when there were any actual notices published in a Jackson county newspaper."  Compl., ¶¶ 20, 25.  The allegations concerning lack of proper notice are implausible and do not state a claim upon which relief may be granted.  *Ashcroft*, 556 U.S. at 668.

Plaintiff next claims that the foreclosure was wrongful because an improper balance was specified on the foreclosure notice.  Plaintiff again fails to indicate which Michigan statute entitles her to relief, however it appears she is relying on MICH. COMP. LAWS § 600.3212(c) ("Every notice of foreclosure by advertisement shall include . . . [t]he amount claimed to be due on the mortgage on the date of the notice.").

Plaintiff fails to specify what the proper amount was that should have been listed on the notice, which is a prerequisite to pleading an actionable claim under MICH. COMP. LAWS § 600.3212(c). *Fredericks v. Allquest Home Mortgage Corp.*, No. 15-10429, 2015 U.S. Dist. LEXIS 56447, *7 (E.D. Mich. Apr. 30, 2015) (concluding

that the plaintiff failed to meet the requisite pleading standard because she "fails to assert the basic elements of her claim, including what she believed the correct amount to be."); *Karp v. Citimortgage, Inc*., No. 14-14052, 2015 U.S. Dist. LEXIS 24674, *7-8 (E.D. Mich. Jan. 23, 2015) (recommending dismissal of wrongful foreclosure claim based on purported miscalculation of amount due on mortgage because the claim "presents no facts or explanation for how the amount on the notice was improperly calculated, why it is incorrect, or what the correct amount should have been."); *Andres v. ABN AMRO Mortg. Grp., Inc*., No. 1:14-cv-1305, 2015 U.S. Dist. LEXIS 29580, *3-4 (W.D. Mich. Mar. 11, 2015) (same). Therefore, Plaintiff's allegations relating to an improper loan amount calculation are not sufficiently pled as a matter of law.

Moreover, in order for Plaintiff to meet the high standard for setting aside the foreclosure sale, she must show prejudice. Plaintiff can show prejudice by demonstrating that she "would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Kim v. JP Morgan Chase*, 493 Mich. 98, 115; 825 N.W.2d 329 (2012). Plaintiff fails to allege that she would have cured her default had she known that the Property was being foreclosed. Rather, she claims that she can "afford a reasonable payment plan" if the Defendants "were to work with her in good faith to modify the loan." Compl., ¶ 35. Similarly, she fails to allege that she was prejudiced because the Property was sold for

less than what it was worth. The Property was sold for $14,450.00. However, Plaintiff claims that it was worth more than $14,450.00 and should have been sold for not less than $34,000.00. However, Plaintiff fails to allege any prejudice associated with the sale of the Property for $14,450.00. For this reason also, Plaintiff's wrongful foreclosure allegations fail to state a claim upon which relief can be granted.

### 2.    Breach of Contract

Plaintiff alleges that Defendants "breached the contract as well as the implied covenant of good faith and fair dealing" by "[m]isleading Plaintiff about approval and extension of loss mitigation assistance as an alternative to foreclosure." Compl., ¶ 60.

As an initial matter, to the extent Plaintiff is attempting to raise a claim that Defendants breached the covenant of good faith and fair dealing, Michigan "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Management of Michigan, Inc.*, 271 Mich. App. 11, 35; 718 N.W.2d 827 (2006).

Plaintiff also has failed to allege a viable breach of contract claim. The only contracts at issue herein include the mortgage and note, and Plaintiff fails to identify any terms in these documents that require Defendants to engage in "loss mitigation assistance as an alternative to foreclosure." *See Brown v. Citimortgage, Inc.*, No. 14-14055, 2015 U.S. Dist. LEXIS 2805, *7-9 (E.D. Mich. Jan. 10, 2015) (rejecting the

plaintiff's breach of contract claim because the "mortgage and note . . . do not contain any provision requiring [the defendant] to engage in any level of 'loss mitigation assistance.'")

Plaintiff appears to allege that one of the Defendants' employees promised to withhold initiating foreclosure proceedings while a loan modification was being negotiated by the parties. However, Michigan law requires that certain types of agreements be reduced to a writing. *See Crown Technology Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 548; 619 N.W. 2d 66 (2000); *see also*, MICH. COMP. LAWS § 566.132(2). Michigan Compiled Laws § 566.132(2) states:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a)   A promise to lend money, grant or extend credit, or make any other financial accommodation.
> (b)   A promise or commitment to renew, extend, modify, or permit, a delay in repayment or performance of a loan, extension of credit, or other financial accommodations.
> (c)   A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

MICH. COMP. LAWS § 566.132(2). Here, Plaintiff fails to allege the existence of a signed writing promising modification of her loan or that foreclosure proceedings would be stayed while the parties worked out a loan modification. As such, Plaintiff's breach of contract claim fails to state a claim upon which relief may be granted.

-10-

### 3.    Fraudulent Misrepresentation

Plaintiff's fraudulent misrepresentation claim also cannot withstand Rule 12(b)(6) scrutiny.  Plaintiff alleges that "Defendants made representations . . . including, but not limited to, that it/they would not begin foreclosure proceedings while the parties were actively pursuing a loan modification or other financial assistance options."  Compl., ¶ 62.

In order to state a claim for fraudulent misrepresentation, Plaintiff must allege: (1) that the Defendant made a material representation, (2) that was false, (3) that Defendant knew was false, or that was made recklessly, without any knowledge of its truth,  (4) that Defendant made it with the intention that Plaintiff  would act upon it, and (5) the Plaintiff acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W. 2d 813 (1976). Plaintiff's pleading does not contain any factual allegations concerning the who, when, or any specific detail surrounding the allegedly fraudulent statements. *See* Fed. R. Civ. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") Therefore, Plaintiff's fraudulent misrepresentation claim fails as a matter of law.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [#4] is

GRANTED.

This cause of action is dismissed.

Dated: July 20, 2015

/s/Gershwin A Drain
Gershwin A. Drain
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

A copy of this Order was served upon attorneys of
record by ordinary mail or electronic mail.

s/ T. Bankson
Deputy Clerk

-12-